IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CLIFTON LEE BATTLE, 1678495, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 3:11-CV-3097-D |
| | ) | (Consolidated with |
| RICK THALER, Director, Texas | ) | No. 3:11-CV-3098-D) |
| Dept. Of Criminal Justice, Correctional | ) | |
| Institutions Division, | ) | |
| Respondent. | ) | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C.

§ 636(b) and a standing order of reference from the district court.  The Findings, Conclusions and

Recommendation of the Magistrate Judge are as follows:

I.  Procedural Background

Petitioner challenges his two convictions for aggravated sexual assault of a child and

sexual assault of a child.  *State of Texas v. Clifton Lee Battle*, Nos. F-0630144-L and F-0630145-

L (5th Crim. Dist. Ct., Dallas County, Tex., Oct. 3, 2008).  In the aggravated sexual assault of a

child conviction, the court sentenced Petitioner to ten years deferred adjudication.  In the sexual

assault of a child conviction, the court sentenced Petitioner to six years in prison.

On July 6, 2010, the Fifth District Court of Appeals affirmed both convictions and

sentences.  *Battle v. State*, Nos. 05-08-01368-CR (Tex. App. – Dallas 2010, no pet.).

On April 28, 2011, Petitioner filed state applications for writ of habeas corpus

challenging each conviction.  *Ex parte Battle*, Nos. 63,342-01 and -02.  On September 7, 2011,

the Court of Criminal Appeals denied Petitioner's challenge to his sexual assault conviction on

the merits and dismissed Petitioner's challenge to his aggravated sexual assault of child

conviction because it was not properly filed.

On October 31, 2011, Petitioner filed federal petitions for writ of habeas corpus

challenging his convictions. *Battle v. Thaler*, 3:11-CV-3097-D (N.D. Tex.) and *Battle v. Thaler*,

3:11-CV-3098-D (N.D. Tex.). On April 12, 2012, the Court consolidated the two petitions.

In his challenge to the aggravated sexual assault of a child case, cause number F-

0630144-L, Petitioner argues: (1) the evidence was insufficient to support the conviction; and (2)

he received ineffective assistance of counsel.

In his challenge to the sexual assault of a child case, cause number F-0630145-L,

Petitioner argues: (1) the evidence was insufficient to support the conviction; (2) he received

ineffective assistance of counsel; (3) the trial court erred in admitting hearsay; and (4) the trial

court erred in admitting a letter written by Petitioner.

On February 8, 2012, and February 14, 2012, Respondent filed his answers to the

petition. On April 9, 2012, Petitioner filed a reply. The Court now finds the petition should be

denied.

## II. Factual Background

The following factual background is taken from the opinion of the Fifth District Court of

Appeals.

> The evidence showed that N.J. was the daughter of [Petitioner's] friend. N.J. met
> [Petitioner] when she was thirteen. N.J.'s father often took her and her brother to
> [Petitioner's] house to play with [Petitioner's] grandson while N.J.'s parents were at
> work. N.J. testified that she, her brother, and [Petitioner's] grandson were playing in the
> grandson's bedroom at [Petitioner's] house; [Petitioner's] wife was at work. [Petitioner]
> told N.J.'s brother and his grandson to go outside and play. Then [Petitioner] closed the

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge**       Page -2-

door, took N.J.'s clothes off, and had sex with her.  She said [Petitioner] put his penis inside her vagina.  She testified that she was thirteen years old when it happened.  N.J. testified that [Petitioner] had sex with her a second time after she turned fourteen.  She was at [Petitioner's] house again while [Petitioner's] wife was at work.  [Petitioner] took her into his bedroom and had sex with her.  She described that [Petitioner] put his penis inside her vagina.

*Battle v. State*, Slip Op. at 2-3.

## III.  Discussion

### 1.    Standard of Review

The pertinent terms of the Antiterrorism and Effective Death Penalty Act of 1996 (the

AEDPA), 28 U.S.C. § 2254 provide:

> (d)    An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> > (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in a State court proceeding.

*See* 28 U.S.C. § 2254(d).  Under the "contrary to" clause, a federal habeas court may grant the

writ of habeas corpus if the state court arrives at a conclusion opposite to that reached by the

United States Supreme Court on a question of law or if the state court decides a case differently

from the United States Supreme Court on a set of materially indistinguishable facts.  *Williams v.*

*Taylor*, 529 U.S. 362, 380-84 (2000).  Under the "unreasonable application" clause, a federal

court may grant a writ of habeas corpus if the state court identifies the correct governing legal

principle from the United States Supreme Court's decisions, but unreasonably applies that

principle to the facts of the prisoner's case.  *Id.*

2.      **Procedural Bar/Statute of Limitations**

Petitioner argues the evidence was insufficient to support his convictions.  Respondent

argues this claim is unexhausted for both convictions, and the claim is barred by limitations as to

the aggravated sexual assault of a child conviction.

The record shows Petitioner raised his insufficiency of the evidence claim on direct

appeal, but the Court of Criminal Appeals did not receive a petition for discretionary review

("PDR") from Petitioner.  Further, although Petitioner raised the claim in his state habeas

petitions, an insufficiency of the evidence claim cannot be raised on state habeas review.  *Ex*

*parte Easter*, 615 S.W.2d 719, 721 (Tex. Crim. App. 1981); *West v. Johnston*, 92 F.3d 1385,

1398, n.18 (5th Cir. 1996).  The Court of Criminal Appeals has therefore not reviewed

Petitioner's insufficiency of the evidence claims.

A federal court will ordinarily not review a claim where a petitioner has not presented his

claim to the highest court of the state and the state court to which he would be required to present

his claims would now find the claim procedurally barred.  *See Coleman v. Thompson*, 501 U.S.

722, 729-31 (1991).  In this case, however, Petitioner argues he did file a PDR.  Petitioner

submits copies of letters he sent to the Court of Criminal Appeals in November, 2010, asking

about his PDR which he said he filed in July, 2010.  The Court of Criminal Appeals responded

that it had no record of his PDR.

It is unclear whether Petitioner filed a PDR.  Respondent has not submitted Petitioner's

mail logs to determine whether he mailed anything to the Court of Criminal Appeals during July,

2010.  The Court finds Respondent has failed to establish his affirmative defenses of  procedural

bar and limitations.  The Court therefore declines to dismiss Petitioner's aggravated sexual

assault of a child claims as barred by limitations and Petitioner's insufficiency of the evidence claims as procedurally barred.

**3.      Sufficiency of the Evidence**

Petitioner pled no contest to both offenses of aggravated sexual assault of a child, and sexual assault of a child.  Under article 1.15 of the Texas Code of Criminal Procedure, the state must offer sufficient proof to support any judgment based on a guilty or no contest plea.  The state, however, is not required to prove the defendant's guilt beyond a reasonable doubt.  *Jones v. State*, 373 S.W.3d 790, 793 (Tex. App. – Houston, 2012, no pet.).  The evidence must simply embrace each essential element of the offense charged.  *Stone v. State*, 919 S.W.2d 424, 427 (Tex. Crim. App. 1996).

**(A)      Aggravated Sexual Assault of a Child**

In his aggravated sexual assault of a child case, Petitioner argues the evidence was insufficient to show the victim was under the age of fourteen at the time of the assault.  He states the victim never came to his house until she was fourteen years old.

Under Texas law, to prove aggravated sexual assault of a child, the state must prove that Petitioner intentionally or knowingly caused the contact and penetration of the victim's sexual organ by his sexual organ and the victim was younger than fourteen at the time of the offense. TEX. PENAL CODE §§ 22.021(a)(1)(B)(iii), 22.021(a)(2)(B) (West 2006).

In this case, N.J. testified that she was thirteen years old when she first met Petitioner, and that she was thirteen years old the first time he sexually assaulted her by putting his penis in her vagina.  (Trial Tr. Vol. 3 at14, 25.)  The testimony satisfies each element of the offense. Petitioner's claim should be denied.

**(B)      Sexual Assault of a Child**

In the sexual assault of a child case, Petitioner argues the evidence was insufficient to support the conviction because the state failed to show that he gave N.J. a sexually transmitted disease.

To prove sexual assault of a child, the state was required to prove that Petitioner intentionally and knowingly caused the contact and penetration of N.J.'s sexual organ by his sexual organ when she was a child.  TEX. PENAL CODE § 22.011(a)(2)(C) (West 2006).  A child is defined as a person younger than seventeen years old who is not the spouse of the defendant. *Id*. at § 22.011(c)(1).

N.J. testified that Petitioner had sexual relations with her by putting his penis in her vagina when she was thirteen and fourteen years old.  (Trial Tr. Vol. 3 at 21-32.)  The testimony satisfies each element of the offense.  Petitioner's claim should be denied.

**4.      Procedural Bar/Exhaustion**

**(A)      Sexual Assault of a Child**

Petitioner argues he received ineffective assistance of counsel on his sexual assault of child conviction when counsel failed to call witnesses to show that Petitioner did not have a sexually transmitted disease.  Respondent argues this claim is procedurally barred because Petitioner failed to raise the claim in state court.

A federal court will ordinarily not review a claim where a petitioner has not presented his claim to the highest court of the state and the state court to which he would be required to present his claims would now find the claim procedurally barred.  *See Coleman v. Thompson*, 501 U.S. 722, 729-31 (1991).

The record reflects that Petitioner failed to raise this claim in state court.  Accordingly,
the Texas Court of Criminal Appeals has not reviewed the claim.  The claim cannot be reviewed
by a state court because it is too late to file a petition for discretionary review.  If this Court were
to require Petitioner to return to state court to exhaust this claim, it would be subject to dismissal.

To overcome the procedural bar established by the abuse-of-the-writ doctrine, a petitioner
must demonstrate: (1) cause for the procedural default and actual prejudice as a result of the
alleged violation of federal law; or (2) that failure to consider the claims will result in a
"fundamental miscarriage of justice."  *Pitts v. Anderson*, 122 F.3d 275, 279 (5th Cir. 1997) (citing
*Coleman*, 501 U.S. at 750).  Petitioner has not shown sufficient cause for his failure to present
this claim to the Texas Court of Criminal Appeals.

Petitioner has also failed to demonstrate the need to prevent a miscarriage of justice.  This
exception is "confined to cases of actual innocence, 'where the petitioner shows, as a factual
matter, that he did not commit the crime of conviction.'"  *Fairman v. Anderson*, 188 F.3d 635,
644 (5th Cir. 1999) (quoting *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir. 1995)).  To establish the
required probability that he was actually innocent, a petitioner must support his allegations with
new, reliable evidence that was not presented at trial and must show it was more likely than not
that no reasonable juror would have convicted him in light of the new evidence.  *Id*. (citing
*Schlup*, 513 U.S. at 327).  Petitioner has presented no new, reliable evidence showing that it was
more likely than not that no reasonable juror would have convicted him.  Petitioner has not
overcome the state procedural bar.  Accordingly, the procedural default doctrine bars federal
habeas relief on this claim.

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge**          Page -7-

**(B)     Aggravated Sexual Assault of a Child**

In his aggravated sexual assault conviction, Petitioner argues his counsel was ineffective because counsel was unprepared for trial and failed to call witnesses.  Respondent argues this claim is unexhausted.

The record shows that Petitioner did not raise this claim on direct review, or in his state habeas petition.  The state habeas petition was dismissed because Petitioner failed to follow the proper procedure for challenging his sentence.  The Court of Criminal Appeals therefore did not consider Petitioner's claim on the merits and the claim remains unexhausted.  *See Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982) (finding that exhaustion requires petitioner submit the factual and legal basis of any claim to the highest available state court for review).[1]

Although the claim may be dismissed for a failure to exhaust state remedies, a federal court may also address § 2254 claims and deny those claims on the merits.  *See* 28 U.S.C. § 2254(b)(2).  The Court therefore considers the merits of Petitioner's claim.

**5.     Ineffective Assistance of Counsel**

Petitioner claims he received ineffective assistance of counsel.  To sustain a claim of ineffective assistance of counsel, Petitioner must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense so gravely as to deprive Petitioner of a fair trial.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight."  *Strickland*, 466

---

[1]Respondent does not argue the claim is procedurally barred because Petitioner could raise the claim in a properly presented state habeas petition.

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge**          Page -8-

U.S. at 689. Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*.

Even if counsel is proven deficient, a petitioner must prove prejudice. To prove such prejudice, Petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694). "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." *Id*. "Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id*. (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

Petitioner argues his counsel failed to call witnesses who could have testified that he lived in an apartment when N.J. was thirteen and he moved to a house when N.J. was fourteen. He states witnesses could testify that N.J. was never at his apartment when she was thirteen. Petitioner, however, has submitted no evidence that any witness would have testified favorably for the defense. *See Alexander v. McCotter*, 775 F.2d 595, 602 (5th Cir. 1985) (stating that to establish the requisite *Strickland* prejudice, Petitioner must show that the testimony would have been favorable); *see also See Martin v. McCotter*, 796 F.2d 813, 819 (5th Cir. 1986) ("hypothetical or theoretical testimony will not justify the issuance of a writ . . . .").

Petitioner also argues his counsel should have called witnesses to show that Petitioner did not have a sexually transmitted disease. The record shows defense counsel admitted into evidence copies of Petitioner's wife's medical records. These records showed she did not have a sexually transmitted disease. (Defense Ex. 1.) Defense counsel also admitted Petitioner's medical records from the Dallas County Jail. These records do not list any sexually transmitted

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge**          Page -9-

disease for Petitioner.  (Defense Ex. 2.)  Petitioner has not shown that he had any other relevant

medical records to submit, and he has not shown that any other witness was available and willing

to testify that he did not have a sexually transmitted disease during the relevant time-frame.  His

claim of ineffective assistance of counsel should be denied.

**6.      Trial Error**

In his sexual assault of a child conviction, Petitioner argues the trial court erred by

admitting hearsay testimony regarding condoms and by admitting part of a letter written by

Petitioner.

To prevail on a claim of trial error, a petitioner must show the error had a substantial and

injurious effect or influence in determining the verdict.  *Brecht v. Abrahamson*, 507 U.S. 619,

637 (1983).  A petitioner must establish that the error did more than merely affect the verdict.

*Bailey v. Procunier*, 744 F.2d 1166, 1168 (5th Cir. 1984).  He must show the error rendered the

trial as a whole fundamentally unfair.  *Id.*

The record shows the state asked N.J.'s mother about a phone call she received from

Petitioner's wife.  (Trial Tr. Vol. 3 at 107-08.)  Defense counsel objected on the basis of hearsay.

The state responded that the testimony was offered only to impeach Petitioner's wife's testimony.

The court allowed the testimony and stated: "If the Court does not consider it to be impeachment

I will disregard, otherwise I will consider it as impeachment evidence."  (*Id*.)  N.J.'s mother then

testified:

> [Petitioner's wife] said that she found condoms and one of them was open. And she told
> me that every time she walked into the room my daughter and [Petitioner] were on the
> couch together and when she walked in she – my daughter would run off.  And she told
> me she thought [Petitioner] was doing something to my daughter and she said she prayed
> that he was having an affair, but they were too close.

(*Id*. at 109.)

This testimony contradicted Petitioner's wife's testimony.  Petitioner's wife testified that

while she did find condoms and had concerns Petitioner was having an affair, she did not share

this information with N.J.'s mother and that she called N.J.'s mother only tell her to pick up the

kids.  (*Id*. at 85-86.)

To be considered hearsay, a statement must be offered to prove the truth of the matter

asserted.  TEX. R. EVID. 801(d).  In this case, the prosecutor stated he did not offer Petitioner's

wife's statements to show they were true, but to show they contradicted her trial testimony.

Additionally, the trial judge stated he would consider the statements for impeachment purposes

only.  (Trial Tr. Vol. 3 at 108.)  Petitioner has failed to establish the trial court committed error

when it overruled defense counsel's hearsay objection.

Petitioner also argues the trial court erred when it admitted state's Exhibit 1, which was

one page of a letter.  The record shows N.J. testified that Petitioner would giver her "love notes."

(*Id*. at 34.)  N.J. stated that state's Exhibit 1 was a love note from Petitioner that she kept.  (*Id*. at

35.)  Defense counsel objected that the second page of the letter was missing and the letter was

not signed.  (*Id*. at 36-37.)  Defense counsel argued the letter was hearsay and not relevant.  (*Id*.

at 39.)  The court overruled the objections and admitted the letter.

N.J.'s testimony that she was familiar with Petitioner's writing and that Petitioner wrote

the letter served to authenticate the letter.  TEX. R. EVID. 901(b)(1) and (2).  In the letter,

Petitioner stated he was in love with N.J., and he discussed the age difference between himself

and N.J.  The letter is relevant to establishing an improper relationship between Petitioner and

N.J.  The state appellate court also found the letter was not hearsay since it was admissible as an

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge**          Page -11-

admission by a party opponent.  *See* TEX. R. EVID. 801(e)(2).  Plaintiff has failed to show the

state court's denial of this claim was unreasonable.

**7.      Summary**

Petitioner is lawfully restrained because he has failed to prove that he has been denied a

constitutionally protected interest.  Accordingly, the state courts' determination to deny relief is

not contrary to or does not involve an unreasonable application of clearly established federal law

and is not based on an unreasonable determination of the facts in light of the evidence presented

in the state court proceedings.

**RECOMMENDATION**

This Court recommends that the petition for writ of habeas corpus pursuant to 28 U.S.C.

§ 2254 be DENIED.

Signed this 17th  day of April, 2013.


_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner

provided by law.  Any party who objects to any part of this report and recommendation must file

specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. §

636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific

finding or recommendation to which objection is made, state the basis for the objection, and

specify the place in the magistrate judge's report and recommendation where the disputed

determination is found.  An objection that merely incorporates by reference or refers to the

briefing before the magistrate judge is not specific.  Failure to file specific written objections will

bar the aggrieved party from appealing the factual findings and legal conclusions of the

magistrate judge that are accepted or adopted by the district court, except upon grounds of plain

error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).